UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State Farm Mutual Automobile
Insurance Company,

        Plaintiff,

v.

Universal Rehab Services, Inc.,
PhysioFlex, PLLC,
Ahmad T. Abulabon, P.T.,
Summit Medical Group, PLLC, and
David Jankowski, D.O.,

        Defendants.
_____/

Case No: 15-10993
Hon. Victoria A. Roberts

**ORDER DENYING STATE FARM'S MOTION TO DISMISS
SUMMIT MEDICAL GROUP PLLC'S COUNTERCLAIM**

### I. Introduction

State Farm Mutual Automobile Insurance Company ("State Farm") sued Defendants. It alleges they engaged in a scheme to submit fraudulent claims for no-fault benefits. Defendant/Counter-Plaintiff Summit Medical Group, PLLC ("Summit") filed a three count Counterclaim: (1) Fraud/Fraudulent Misrepresentation; (2) Civil Conspiracy; and (3) Declaratory Relief. State Farm moves to dismiss the counterclaim (Doc. #55). The Motion is fully briefed and the Court dispenses with oral argument.

The Court finds that Summit's Counterclaim sufficiently states cognizable claims; State Farm's Motion is **DENIED**.

### II. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of

1

the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

**III.    Discussion**

    **A.    Count I: Fraud/Fraudulent Misrepresentation**

State Farm says Count I is really a contract claim disguised as fraud and should be dismissed. State Farm also says Summit fails to plead facts sufficient to support the reliance and damage elements of fraud. Moreover, State Farm says Summit fails to satisfy the heightened pleading requirements for fraud.

To state a claim for fraud, plaintiff must allege: "(1) the defendant made a material representation; (2) the representation was false; (3) at the time the representation was made, it was either known to be false, or made recklessly without any knowledge of its truth; (4) the representation was made with the intention that it should be acted on by plaintiff; (5) plaintiff, in fact, acted in reliance on it; and (6) plaintiff suffered damages as a result." *Little Caesar Enterprises, Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).  *See also*, *Hi–Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813, 816 (1976).  Additionally, Fed. R. Civ. P. 9(b) requires the plaintiff to ". . . state with particularity the circumstances constituting fraud." *Farnsworth*, 569 F. App'x at 427.

Summit's allegations of fraud are sufficiently pled.  Summit says State Farm represented that it was investigating certain claims and that it had not yet made a determination whether to pay those claims.  Summit attached examples of these letters to the counterclaim. Summit says these representations were false when made because State Farm was aware of its internal investigation procedures and it knew that it was not actually investigating these claims.  Summit says these representations were made with an intention that they would be acted on by Summit, that Summit relied on them and suffered injury.

State Farm's Motion to Dismiss Count I is **DENIED**.

### B. Count II: Civil Conspiracy

State Farm says the Civil Conspiracy claim should be dismissed because it fails to plead: (1) an underlying tort; or (2) the actual conspiracy with requisite specificity.

3

A conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by using criminal or unlawful means.  *Fenestra Inc. v. Gulf Am. Land Corp.*, 377 Mich. 565, 593 (Mich.1966); *Marks One Car Rental, Inc. v. Auto Club Grp. Ins. Co.*, 55 F. Supp. 3d 977, 988 (E.D. Mich. 2014).

Summit says it pled an underlying tort: common law fraud/fraudulent misrepresentation based on State Farm's fraudulent letters and other communications. Additionally, Summit says State Farm did not perpetrate this fraud on its own but had the assistance of doctors who worked with State Farm to justify denial decisions. Summit says State Farm routinely hires specific doctors who are willing to sign reports supporting the decision to deny claims.  Summit says State Farm pays these doctors "exorbitant amounts" as an incentive to knowingly participate in the scheme.

The Counterclaim provides the names of the doctors allegedly hired by State Farm to conduct examinations even though these doctors were allegedly already aware the claim had been denied.  The Court agrees that this is sufficient factual detail to state a claim. Discovery may prove otherwise.

State Farm's Motion to Dismiss Count II is **DENIED**.

C.     **Count III: Declaratory Relief**

State Farm says Count III should be dismissed because: (1) it seeks relief under the Michigan Unfair Trade Practices Act ("MUTPA") which does not provide a private cause of action; (2) it contains an insufficient conclusory assertion that State Farm made untimely payment which does not entitle Summit to recover penalty interest under

the statute; and (3) Summit seeks relief from persons who are not parties to the litigation.

The Counterclaim lists several statutory provisions, including MCL §§500.2006 and 500.2014(b), among others.

Courts have previously confirmed that the MUTPA does not generally provide for a private right of action. *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-11500, 2013 WL 509284, at *9 (E.D. Mich. Feb. 12, 2013) *on reconsideration*, No. 12-11500, 2013 WL 3777108 (E.D. Mich. May 22, 2013). However, like the defendants in *Phsyiomatrix*, Summit references § 500.2006 which allows an insurance company to be penalized at a rate of 12% per annum for untimely payment of benefits. "Section 500.2006 is an exception to the general rule that a private cause of action does not exist under the [M]UTPA." *Id. citing*, *Geer v. Amex Assurance Co.*, 2010 WL 2681160 at *2–3 (E.D.Mich. Jul.6, 2010).

State Farm does not address the other statutory provisions referenced in Count III. The Court finds Summit properly pled a claim under MUTPA.

State Farm's Motion to Dismiss Count III is **DENIED**.

IV.   **Conclusion**

State Farm's Motion to Dismiss Summit Medical Group PLLC's Counterclaim (Doc. #55) is **DENIED**.

**IT IS ORDERED**.

    S/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated: February 23, 2016

5

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 23, 2016.

s/Linda Vertriest
Deputy Clerk