UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State Farm Mutual Automobile
Insurance Company,

        Plaintiff,

v.

Universal Rehab Services, Inc.,
PhysioFlex, PLLC,
Ahmad T. Abulabon, P.T.,
Summit Medical Group, PLLC, and
David Jankowski, D.O.,

        Defendants.

Case No: 15-10993
Hon. Victoria A. Roberts

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 66)**

**I.   Introduction**

State Farm filed a Motion for Reconsideration of the Court's February 23, 2016 Order denying its Motion to Dismiss the Counterclaim filed by Summit Medical Group. The Motion is fully briefed.

State Farm says the day before this Court entered its Order, a persuasive opinion was issued by Judge O'Meara in *State Farm Mut. Auto. Ins. Co. v. Radden*, 2016 WL 695598 (E.D. Mich. Feb. 22, 2016). Judge O'Meara dismissed nearly identical counterclaims. State Farm says the *Radden* case constitutes intervening authority and is premised on controlling law.

State Farm fails to allege a palpable, outcome-determinative error. The Motion is **DENIED**.

1

## II. Legal Standard

A court may grant a motion for reconsideration if it is demonstrated that a palpable defect misled the Court in its ruling, the correction of which would result in a different disposition. E.D. Mich. LR 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.* Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

## III. Discussion

### A. Counterclaim Count 1: Fraud

The Counterclaim alleges State Farm engaged in a systematic scheme to fraudulently deny, delay, and diminish payment on Summit's claims. In its Motion to Dismiss, State Farm argued Count 1 should be dismissed under *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 401 (2008). In *Cooper*, the Michigan Supreme Court distinguished a fraud claim from a contractual claim - noting that a fraud claim can't arise from the mere failure to perform a contractual or statutory obligation, but instead arises from an insurer's breach of its separate and independent duty not to deceive insureds. *Cooper*, 481 Mich. at 407-08. State Farm argues the essence of the fraud counterclaim is simply that State Farm failed to perform its contractual obligation to pay no-fault benefits.

Importantly, *Cooper* did not hold that a fraud claim cannot be brought against an insurer, and State Farm presents no new arguments under *Cooper* that this Court has not already considered.

State Farm urges the Court to follow the holding in *Radden* because the fraud counterclaim which the court dismissed in *Radden* is nearly identical to the fraud counterclaim alleged in this case. While the counterclaims are substantially similar, this Court believes that Summit's allegations of fraud are sufficiently pled. To state a claim for fraud, plaintiff must allege: "(1) the defendant made a material representation; (2) the representation was false; (3) at the time the representation was made, it was either known to be false, or made recklessly without any knowledge of its truth; (4) the representation was made with the intention that it should be acted on by plaintiff; (5) plaintiff, in fact, acted in reliance on it; and (6) plaintiff suffered damages as a result." *Little Caesar Enterprises, Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000). *See also*, *Hi–Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813, 816 (1976). Additionally, Fed. R. Civ. P. 9(b) requires the plaintiff to ". . . state with particularity the circumstances constituting fraud." *Farnsworth*, 569 F. App'x at 427.

The counterclaim alleges State Farm does not evaluate each claim on its merits, but sorts claims by doctor/clinic and puts a hold on certain claims. Summit says even if a recommendation is made that a claim be paid, only certain individuals can lift the hold. Summit attached documents identifying two specific claims which Summit says State Farm represented that it was investigating, but had not yet determined whether to pay those claims. Summit says these representations were false when made because State Farm was aware of its internal investigation procedures and it knew that it was not

3

actually investigating these claims. Summit says these representations were made with an intention that they would be acted on by Summit, that Summit relied on them and suffered injury.

Count 1 sufficiently states a claim for fraud.

### B. Counterclaim Count 2: Civil Conspiracy

State Farm also asks the Court to reconsider its decision on the Civil Conspiracy Count. Because the Court believes the fraud count is sufficiently pled, and Summit provides sufficient factual detail to state a claim for Civil Conspiracy, Count 2 survives the motion to dismiss as well.

### C. Counterclaim Count 3: Michigan Unfair Trade Practices Act ("MUTPA")

State Farm in its Motion for Reconsideration says Count 3 fails because it seeks relief from persons who are not parties to the litigation and fails to identify any claims on which Summit is allegedly entitled to penalty interest. In its Response, Summit clarifies its MUTPA claim is for the limited purpose of recovering penalty interest. This Court addressed penalty interest in its earlier order. Under MCL §500.2006, an insurance company can be penalized at a rate of 12% for untimely payment of benefits. Summit supported its claim by attaching letters from State Farm saying the claim continues to be under investigation.

State Farm fails to demonstrate a palpable defect misled the Court in its ruling, the correction of which would result in a different result.

## IV. Conclusion

4

State Farm's Motion for Reconsideration of the Court's February 23, 2016 Order is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: June 8, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 8, 2016.
>
> s/Linda Vertriest  
> Deputy Clerk