UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

State Farm Mutual Automobile
Insurance Company,

        Plaintiff,                       Case No: 15-10993
                                            Hon. Victoria A. Roberts

v.

Universal Rehab Services, Inc.,
PhysioFlex, PLLC,
Ahmad T. Abulabon, P.T.,
Summit Medical Group, PLLC, and
David Jankowski, D.O.,

        Defendants.
_____/

**ORDER DENYING THE UNIVERSAL DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSES AND TO IDENTIFY AND PRODUCE RESPONSIVE DOCUMENTS [ECF NO. 89]**

**I.    Introduction**

State Farm Mutual Automobile Insurance Company ("State Farm") sued Defendants alleging a scheme to submit fraudulent claims for no-fault benefits. Defendants Universal Rehab Services, LLC, PhysioFlex PLLC and Ahmad Abulabon (collectively "Universal") filed a Motion to Compel Interrogatory Responses and to Identify and Produce Responsive Documents. The Motion is **DENIED**.

**II.    Background**

On October 29, 2015, Universal served State Farm with its first request for documents and the first set of interrogatories. State Farm responded and later submitted an amended response on March 4, 2016.

1

## III. Discussion

### A. Identification of Responsive Documents

Unless otherwise stipulated or ordered by the court, a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E).

To date, State Farm has produced 380,000 documents. State Farm says the production can be broken down as follows:

| Date | # of Pages | Categories | Bates Range |
|---|---|---|---|
| 1/22/16 | 378,099 | Claim Files | SFUR0000001-300183 |
| | | Claim File Prints ("Activity Logs") | SFUR0300184-369634 |
| | | MCIU Project Files | SFUR0369635-378097 |
| | | Universal, PhysioFlex and Summit Billing Data | SFUR0378098-378099 |
| 5/9/16 | 457 | Emails between K. Josephson, L. Bennett and Abulabon | SFUR0378100-0378383 |
| | | SFMAIC Procedural Guides | SFUNIVERSAL0000001PROD-0000173PROD |
| 5/23/16[6] | 5,982 | Claim Files | SFUR0378384-381353 |
| | | Activity Logs | SFUR0381354-382234 |
| | | Transcripts | SFUR0382235-384219 |
| | | MCIU Project Files | SFUR0384220-384365 |
| 5/24/16 | n/a | Universal, PhysioFlex, Summit, and Summit Physicians Group Billing Data | SFUR0384366 |

Universal seeks to compel State Farm to identify documents more specifically than by the above categories, and organize documents so that it is clear which correspond to each request. Universal also wants State Farm to specifically exclude all non-responsive or irrelevant documents. Universal complains State Farm produced an

excessive number of pages, the majority of which concern irrelevant matters, contain blank pages, and relate to patients who are not involved in this litigation.

State Farm says it has no duty to identify which particular documents are responsive to each request, and relies on authority from this district. See, *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-CV-14777, 2013 WL 1875980, at *4 (E.D. Mich. May 3, 2013) ("The Federal Rules of Civil Procedure do not require a party to undertake the task of identifying which documents are responsive to each document request of an opposing party.") "If the producing party produces documents in the manner in which they are kept in the ordinary course of business . . . Rule 34 imposes no further duty to organize and label the documents to correlate to the particular request to which they are responsive." *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. CIV.A.09CV10179, 2009 WL 5151745, at *3 (E.D. Mich. Dec. 18, 2009) (Citing *Valeo Elec. Sys., Inc. v. Cleveland Die & Mfg Co.*, No. 08-cv-12486, 2009 WL 1803216, at *3 (E.D. Mich. June 17, 2009)).

State Farm says with each production it provided a cover letter explaining the production and identifying the documents by category. Each production also contained a file containing information about each document, such as confidentiality, descriptor, and sometimes, claim number, author, recipient, copyee, folder name, email subject, sent date, etc. State Farm says it produced emails responsive to the agreed-upon list of search terms.

State Farm says it produced documents as they are kept in the ordinary course of business. It has also provided categories and listed the corresponding bates numbers. The Court agrees with State Farm that it has no further duty to sort or

3

organize the documents.

### B. Interrogatory Nos. 2 and 3

All interrogatories must be answered individually, fully, and under oath, to the extent they are not objected to, within thirty days after being served. Fed. R. Civ. P. 33(b).

Universal says State Farm's responses are inadequate because they contain boilerplate objections and do not provide basic information regarding each alleged RICO event.

Interrogatories 2 and 3 seek the same information for Universal and PhysioFlex:

> With respect to treatment rendered by Universal/PhysioFlex to any insured of State Farm for the period of time from January 1, 2007, through the current date, state:
>
> a. Which treatments/modalities Universal billed for;
> b. Which treatments/modalities were actually performed;
> c. Which treatments/modalities should not have been performed and the date(s) upon which they should not have been performed;
> d. All information which supports the claim that the service should not have been performed;
> e. All persons who have knowledge of such information;
> f. All documents which support the allegation.

Generally, boilerplate objections without support are improper. The recent amendments to Fed. R. Civ. P. 34 clarify this requirement. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.").

However, while State Farm's responses to interrogatories 2 and 3 contain some standard objection language, State Farm then goes on to substantively respond to each

sub-part of the request and the answer refers to categories of documents in support. For example, in response to Interrogatory No. 2(a), State Farm says the information for the claims at issue can be found in State Farm's Enterprise Claim System ("ECS") files and billing data. With respect to the response for Interrogatory 2(b), State Farm says none of the services billed was performed because they are medically necessary. State Farm further states that whether and which treatments/modalities should not have been performed will be the subject of expert testimony.

The Court finds that in responding to Interrogatories Nos. 2 and 3, State Farm complies with the requirements of Fed. R. Civ. P. 34. State Farm's objections are limited and the responses provide substantive responses and refer to categories of documents in support. Universal's arguments that State Farm cannot meet its burden of proof are better left for a motion on the merits, not a motion to compel.

### C.    Interrogatory No. 5

Interrogatory No. 5 asks State Farm to identify the basis for its allegations that Defendants applied the same treatment to every patient regardless of their needs. Universal wants State Farm to present whatever responsive materials it has in relation to each individual patient's treatment.

State Farm says it does not intend to prove its case by establishing, on a patient-by-patient basis, the actual condition of each patient and what treatment was necessary. Instead, State Farm intends to prove Defendants did not legitimately treat patients by establishing patterns of treatment and documentation that do not make medical sense. In response to Interrogatory No. 5, State Farm provided a substantive response and referenced supporting documents. Specifically, State Farm says

5

Universal's bills, the medical records, State Farm's ECS files, activity logs, and depositions support these allegations.

Universal's request to strike State Farm's objections and require new interrogatory responses is denied.

### D. Personal Health Information

Universal says State Farm's document production contains the personal health information of more than 500 patients who are not involved in the case.

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), governs doctor-patient privilege and creates a strong federal policy in favor of protecting the privacy of patient medical records. *Strayhorne v. Caruso*, No. CIV. 11-15216, 2014 WL 916814, at *1 (E.D. Mich. Mar. 10, 2014) (citations omitted). Under HIPAA, health care providers cannot release a patient's protected health information except under prescribed exceptions. *Id*. However, there is an exception that allows for disclosure of information for purposes of judicial and administrative proceedings. 45 C.F.R. § 164.512(e)(1). Specifically, a covered entity may disclose protected health information in response to a subpoena or discovery request if reasonable efforts have been made to secure a protective order. 45 C.F.R. §164.512(e)(ii).

State Farm says it produced the claim files and billing data for 85 of Defendants' patients as well as additional documents including medical records that relate to the case.

On November 3, 2015, the parties entered a stipulated protective order that specifically references personal health information. ECF No. 46 at 1373. It says any document containing personal health information as defined by HIPPA and all patient

files, medical records, billing statements, etc are designated "Confidential." *Id.*

State Farm's document production has not unlawfully violated HIPPA. There is an exception for judicial proceedings, the parties have a stipulated protective order in place, and these documents have been labeled "confidential" pursuant to the protective order which specifically references these types of documents.

## IV.    Conclusion

The Universal Defendants' Motion to Compel Interrogatory Responses and to Identify and Produce Responsive Documents is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 26, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 26, 2016.

s/Linda Vertriest
Deputy Clerk

---