## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

|                        |                                       |
|------------------------|---------------------------------------|
|                        | Case No. 2:15-cv-10993                |
| Plaintiff,             | District Judge Victoria A. Roberts    |
| vs.                    | Magistrate Judge Anthony P. Patti     |

UNIVERSAL REHAB SERVICES, INC.,
PHYSIOFLEX, P.L.L.C.,
SUMMIT MEDICAL GROUP, P.L.L.C.,
DAVID JANKOWSKI, D.O., and
AHMAD T. ABULABON, P.T.,

                Defendants.

_____/

## ORDER PERMITTING THE FEBRUARY 23, 2017 DEPOSITION OF
## INTERESTED PARTY MICHAEL ANGELO TO GO FORWARD
## (DEs 156, 161, DE 172 and DE 177)

**A.   This case involves one Plaintiff, two groups of Defendants, and various other movants and interested parties.**

In this lawsuit, Plaintiff sets forth various causes of action - common law

fraud, violations of 18 U.S.C. § 1962, unjust enrichment, and declaratory judgment -

as to Defendants Universal Rehab Services, PhysioFlex and Abulabon ("the

Universal Defendants") and/or Defendants Summit Medical Group and Jankowski

("the Summit Defendants").   (DE 107.)   Each of these groups of Defendants has

filed counterclaims.   (DE 45, DE 116.)

The motion practice in this case has been plentiful.   Thus, at the outset, it is

important to note Judge Roberts's June 3, 2016 order, which states, in part: "The parties are not to file any more motions without leave of Court. If a party finds it necessary to file a motion, that party must file a letter addressed to the Court, not more than one page, outlining the dispute and the attempts to resolve it. Opposing counsel can file a response to the letter, not more than one page." (DE 100.) Relatedly, Judge Roberts's December 20, 2016 order repeated this warning: "The parties are not allowed to file any other motions without leave of Court." (DE 146.)[1]

## B.    At this time, there are a *multitude* of motions and requests before this Court.

In late January 2017, Judge Roberts referred this case to me for "all non-dispositive pretrial proceedings," and also for a report and recommendation on the pending motion to dismiss (DE 123). This includes any "notices" filed by the parties from January 10, 2017 forward. (*See* DE 165, DE 166.)

Currently before the Court are several formal motions, most of which have been noticed for a February 27, 2017 hearing. (DEs 123, 135,[2] 159, 171 and 175; *see also* DE 174.) In addition, there are eight notices by State Farm seeking leave

---

[1] This practice has led to several rulings by this Court outside of formal motion practice. (*See*, *i.e.*, DEs 101 & 103, DEs 124 & 125, DEs 149 & 150 and DEs 148 & 147; *see also* DEs 145 & 146.)

[2] The motion to quash was filed by non-parties Pacific Marketing and Garden State Media. (DE 135.)

to file various motions (*see* DEs 148, 149, 151,[3] 152, 153, 154, 155, 160) and the

Universal Defendants' notice concerning the Vonage subpoena (DE 158), none of

which has been scheduled for discussion with the Court.

**C.    The Instant Emergency Request Concerns the Deposition of Interested
Party Michael Angelo.**

Michael Angelo is not a party to this case.   Still, in another motion currently

pending before this Court, Plaintiff State Farm contends that Defendant Jankowski

formed Defendant Summit with help from Angelo, "the Owner of the Marketing

Entities [Pacific Marketing and Garden State Media] And 1-800-US-LAWYER, to

Purportedly Evaluate Patients Solicited by Runners Employed by

1-800-USLAWYER."   (DE 140 at 13-14.)[4]

On January 13, 2017, Plaintiff State Farm informed *this Court* that it had filed

- *in the S.D.N.Y.* (Case No. 17 Misc 13) - a "motion for rule to show cause or,

alternatively to compel Michael Angelo and the Angelo entities to comply with

lawfully issued subpoenas."   (DE 156.)   On January 20, 2017, the Universal and

Summit Defendants file a joint notice, in which the Universal Defendants stated:

---

[3] Plaintiff's January 13, 2017 notice concerns a subpoena allegedly issued to
non-party Mike Mashhour.   (DE 151.)

[4] On or about May 13, 2016, Plaintiff State Farm issued to Michael Angelo a
subpoena to produce documents (DE 140-2 at 1-29).   On or about July 22, 2016,
Plaintiff State Farm issued to Michael Angelo a subpoena to give testimony at an
August 31, 2016 deposition (DE 140-14.)

This filing is a copy of a motion that State Farm apparently filed in New York, requesting an order compelling Michael Angelo to attend a deposition.   Defendants have already addressed the fact that *State Farm has zero evidence that Michael Angelo, or anyone else, engaged in any unlawful conduct* as part of a "scheme" to enrich the Defendants at the agonizingly slow pace of approximately 1 patient referral every two months.

Defendants here note that it is their position that *State Farm violated this Court's order* that the parties were not to file any motions in this case without first seeking leave of the Court.   Instead State Farm instated a separate action in New York, to which the Defendants are not parties, demanding that Michael Angelo sit for a deposition that will not lead to the discovery of any admissible evidence in support of State Farm's claims.   State Farm already knows this based on the massive amount of discovery it has already undertaken; however, State Farm is desperate to extend its fishing license to delay Defendants' filing of their Rule 56 motions which will likely dispose of State Farm's meritless accusations.

(DE 161 at 3 (emphases added) (internal footnote omitted).)

Thereafter, on February 7, 2017, Judge Engelmayer *of the S.D.N.Y.* entered an order which, among other things, required Angelo to appear for a deposition on February 23, 2017 in New York.   (DE 172-1.)   Plaintiff State Farm promptly informed *this Court* of the ruling.   (DE 172.)

On February 17, 2017, counsel for the Universal Defendants requested an emergency scheduling conference regarding the deposition scheduled for February 23, 2017.   On February 21, 2017, I noticed a telephone status conference for February 22, 2017.   (DE 176.)   That same day, attorney Justin Haas electronically

filed Michael Angelo's declaration.   (DE 177.)

## D.   Order

On the date set for hearing, eight attorneys appeared by telephone.[5]   Having

considered the aforementioned notices and declaration (DEs 156, 161, 172, 177),

having heard oral argument of counsel for the parties, and for the reasons stated on

the record - which are incorporated herein by reference as though fully stated herein

- I make the following findings and rulings:

- I do not find any evidence that Plaintiff circumvented the Court's June and December 2016 orders.   (DE 100, DE 146.)   While these orders require the parties to seek *this Court's* permission before filing a motion, these orders do not clearly prohibit the filing of a motion in *another court*.   Moreover, as indicated in the record, Plaintiff has diligently filed letter notices seeking this Court's permission to file motions on a number of other subjects.

- Construing Plaintiff's January 13, 2017 notice (DE 156) as one seeking this Court's permission to file a motion in the S.D.N.Y. to enforce the Angelo subpoena is **GRANTED** *nunc pro tunc*.   This Court is not inclined to revisit or undo Judge Engelmayer's order.   The S.D.N.Y. retains contempt jurisdiction over the Angelo subpoena.

- The deposition of Mr. Angelo will go forward on February 23, 2017.[6]

---

[5] Kathy P. Josephson (Chicago, Illinois) appeared on Plaintiff's behalf; Alexander E. Blum and Gerard V. Mantese appeared on behalf of the Universal Defendants; and Gary R. Blumberg and Emily R. Warren appeared on behalf of the Summit Defendants.   In addition, Richard G. Finch appeared on behalf of movants Pacific Marketing and Garden State Media, and Dena H. Shuayto and Bradley Stephen Defoe appeared on behalf of interested party Mike Mashhour.

[6] During the February 22, 2017 hearing, Plaintiff's counsel informed the Court that the deposition will take place in Troy, MI instead of New York, by mutual

Plaintiff's efforts to obtain Mr. Angelo's deposition began well within the discovery period, and Defendants were aware of this.   Therefore, it is of no import that the January 6, 2017 stipulated order (DE 147) does not address Mr. Angelo's deposition.

- Plaintiff's counsel is DIRECTED to serve a copy of this order upon Michael Angelo, via his apparent counsel, Justin Haas.

An interim order regarding the recently filed motion to extend (DE 175) will issue separately.   Finally, the Court reiterates that, at the February 27, 2017 hearing, it will hear all motions noticed, with oral argument on the motion to withdraw occurring last.   (DEs 123, 135, 159, 171 and 174.)

**IT IS SO ORDERED.**

Dated: February 22, 2017          s/Anthony P. Patti
                                  Anthony P. Patti
                                  U.S. MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 22, 2017, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti

agreement.