UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

               Plaintiff,

vs.

Case No. 2:15-cv-10993
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

UNIVERSAL REHAB SERVICES, INC.,
PHYSIOFLEX, P.L.L.C.,
SUMMIT MEDICAL GROUP, P.L.L.C.,
DAVID JANKOWSKI, D.O., and
AHMAD T. ABULABON, P.T.,

               Defendants.
_____/

**ORDER ADDRESSING NOTICES SEEKING LEAVE TO FILE MOTIONS**
**(DEs 148, 149, 151-156, 158 and 164)**

Judge Roberts has referred this case to me to conduct all non-dispositive pretrial proceedings, including notices filed by the parties from January 10, 2017 to present. (DE 165.) On February 27, 2017, counsel for the parties appeared in my courtroom for hearings on other matters. (DE 174.)[1] At the outset of that hearing, I issued the following rulings on several notices:

- State Farm's request for leave to file a motion to compel compliance

---

[1] Attorneys Kathy P. Josephson (Chicago, Illinois) and David D. O'Brien appeared on Plaintiff's behalf; Gary R. Blumberg and Peter W. Joelson appeared on behalf of the Summit Defendants; Gerard V. Mantese appeared on behalf of the Universal Defendants; and Richard G. Finch appeared on behalf of Pacific Marketing, Inc. and Garden State Media, Inc.

   with subpoena issued to Comcast **(DE 148)** has previously been granted by Judge Roberts (DE 157).

- State Farm's request for leave to file a motion to compel against Summit Medical Group and David Jankowski **(DE 149)** is **GRANTED**, subject to the following conditions:   State Farm's motion and brief may not exceed 5 pages (and must attach and highlight the requests at issue), the Summit Defendants' combined response may not exceed 5 pages, and no reply will be permitted. Moreover, the parties must comply with my "Discovery" and "Motion Practice" guidelines, which are available at www.mied.uscourts.gov.

- State Farm's request for leave to file a motion to compel compliance with subpoena issued to Mike Mashhour, C.P.A. **(DE 151)** is **DENIED** for the reasons stated in Mashhour's response (DE 167), as explained on the record.

- State Farm's request for leave to file a motion to compel compliance with subpoena issued to nonparties Applebaum & Stone PLC; Weiner & Associates, PLCC; Cy Weiner; and Varjabedian Attorneys, PC **(DE 152)** is **GRANTED**, subject to the following conditions:   State Farm's motion and brief may not exceed 7 pages (and must contain record citations in support of its belief that these persons or entities are in possession of relevant and discoverable information), the combined response may not exceed 7 pages, and no reply will be permitted. Moreover, the movant and respondents must comply with my "Discovery" and "Motion Practice" guidelines, which are available at www.mied.uscourts.gov.   In addition, State Farm must certify that it has served a copy of its motion and this order upon those persons or entities from which it is seeking compliance.

- State Farm's request for leave to file a motion for rule to show cause, or alternatively, motion to compel complete responses to subpoena *duces tecum* to nonparties Peak Medical Billing, LLC ("Peak"), and Oakwood Enterprises, Inc. ("Oakwood") **(DE 153)** is treated as a motion and **GRANTED IN PART**.   State Farm shall, without delay, provide the Court with a proposed order requiring these entities to show cause in writing as to why there has been no response to the October 25

and October 26 subpoenas *duces tecum*. Once entered, State Farm will be required to serve a copy of such order upon Peak and Oakwood. Alternatively, State Farm may enter a stipulated order resolving this matter or inform the Court in writing that this issue has been resolved or rendered moot.

- State Farm's request for leave to file a motion to compel PT (Universal) Defendants to respond to interrogatories and produce responsive documents **(DE 154)** is **GRANTED**, subject to the following conditions: **(a)** State Farm must certify that it has engaged in no less than a total of **3 hours of face-to-face meeting and conferring** (which may occur via video conference) in an attempt to reach a stipulated order narrowing or resolving the disputed issues before filing the motion; **(b)** State Farm's motion and brief is limited to 6 pages (and must include record citations and attach and highlight the requests at issue); **(c)** the Universal Defendants' combined response is limited to 6 pages; and **(d)** no reply is permitted. Moreover, whether in filing such motion or in preparing for a hearing regarding same, the parties must comply with my "Discovery" and "Motion Practice" guidelines, which are available at www.mied.uscourts.gov, including the requirement that they engage in another meet and confer event and prepare a joint statement of resolved / unresolved issues in advance of any hearing.

- State Farm's request for leave to file a motion to compel compliance with subpoena issued to U.S Post Office **(DE 155)** is treated as a motion and **GRANTED** in the same form as Judge Roberts's January 17, 2017 order (DE 157) granting State Farm's motion to compel compliance with subpoena issued to Comcast (DE 148). State Farm shall, without delay, supply the Court with a proposed order compelling the U.S. Post Office's compliance with the subpoena in question. Once entered, State Farm will be required to serve a copy of such order upon the U.S. Post Office.

- State Farm's notice of filing of motion for rule to show cause or, alternatively, to compel Michael Angelo and the Angelo entities to comply with lawfully issued subpoenas **(DE 156)** was addressed by this Court on February 22, 2017 (DE 178).

- The Universal Defendants' request regarding State Farm's subpoena to Vonage **(DE 158)** is treated as a motion and **GRANTED IN PART**. Based on the Universal Defendants' compelling argument (DE 158 at 1-3), the subpoena issued on December 6, 2016 (DE 158-2) is modified so that no voice recordings are to be produced.   Relatedly, the Court was informed that Vonage has complied with the subpoena, subject to this modification.

- The Universal Defendants' request regarding discovery as to Samar Ghosn **(DE 164)** is **DENIED AS MOOT**.

In addition, the letter request process established by Judge Roberts on June 3, 2016 (DE 100) and renewed by the Court on December 20, 2016 (DE 146) shall continue. Finally, the parties are requested to inform the Court in the event the subject of a discovery motion or a letter request is no longer at issue, preferably by filing a notice of withdrawal of such motion or request.

**IT IS SO ORDERED.**

s/Anthony P. Patti
Anthony P. Patti
U.S. MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 1, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti