UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                Plaintiff,

vs.

Case No. 2:15-cv-10993
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

UNIVERSAL REHAB SERVICES, INC.,
PHYSIOFLEX, P.L.L.C.,
SUMMIT MEDICAL GROUP, P.L.L.C.,
DAVID JANKOWSKI, D.O., and
AHMAD T. ABULABON, P.T.,

                Defendants.
_____/

**ORDER DEEMING RESOLVED IN PART and GRANTING IN PART PLAINTIFF STATE FARM'S MOTION TO COMPEL THE SUMMIT DEFENDANTS TO PRODUCE RESPONSIVE DOCUMENTS (DE 159)**

Judge Roberts has referred this case to me to conduct all non-dispositive pretrial proceedings. (DE 165.) Currently before the Court is Plaintiff State Farm's January 19, 2017 motion to compel Defendant Summit Medical Group, P.L.L.C. and Defendant David Jankowski, D.O. ("the Summit Defendants") to produce responsive documents. (DE 159.) As set forth in State Farm's argument, the requests at issue concern **(a)** patient files related to the seven patients identified in the complaint; **(b)** patient files for Summit and non-party Summit Physicians Group (SPG) patients who received physical therapy at Defendant Universal Rehab

Services and Defendant PhysioFlex ("the PT clinics"); and **(c)** electronically stored information (ESI) pursuant to agreed-upon search terms. (DE 159 at 25-31.)

The Summit Defendants have filed a response, arguing that **(a)** information regarding non-State Farm insured patients is not relevant to this case and **(b)** they have produced all patient files in their possession. (DE 169 at 22-23.) In reply, Plaintiff State Farm asserts that the Summit Defendants must produce **(a)** "ESI according to the agreed-upon search terms," and **(b)** "files for non-[State Farm] insureds [who] also received PT at Universal and/or PhysioFlex[.]" (DE 170 at 6-11.)

A hearing was noticed for February 27, 2017, on which date counsel for the parties appeared in my courtroom. (DE 174.)[1] On the same date, the parties filed a joint statement of resolved and unresolved issues, indicating that the issue concerning the records of patients identified in the complaint has been resolved. (DE 184.) Therefore, the Court need only address the other two issues.

Having considered the motion papers and oral argument, and for the reasons stated from the bench, which are incorporated by this reference as though fully

---

[1] Attorneys Kathy P. Josephson (Chicago, Illinois) and David D. O'Brien appeared on Plaintiff's behalf; Gary R. Blumberg and Peter W. Joelson appeared on behalf of the Summit Defendants; Gerard V. Mantese appeared on behalf of the Universal Defendants; and Richard G. Finch appeared on behalf of Pacific Marketing, Inc. and Garden State Media, Inc.

restated herein, State Farm's motion to compel (DE 159) is **GRANTED** as follows:

- **As to responsive ESI:**

    - **Utilizing a date range of January 1, 2009 to present, Defendant Summit Medical Group** and **Defendant Jankowski** shall search all documents and emails stored on all computers, hard drives, smartphones, laptops, and personal electronic devices in the Defendants' possession, custody or control using the following search terms, and produce the responsive documents and emails to Plaintiff State Farm (*see* DE 159-25 at 2):

        - Search terms as set forth in motion Exhibit 24 (DE 159-25 at 3-9)
        - An additional search term of Ybana W/3 of Agrelo
        - E-mail addresses mike@45.com, mangelo@gmail.com, mangelo3362@gmail.com, yba98@aol.com and djanko1@aol.com.

- **As to patient files for non-State Farm insureds who were also treated by Universal Rehab Services and PhysioFlex:**

    - The requested information is relevant and proportional to the needs of the case, in light of the various RICO counts within the amended complaint (DE 107), the amount in controversy, the importance to the needs of the case, the respective burdens on the parties, the parties' relative access to the information, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(1).  State Farm is entitled to discovery related to all victims of the alleged racketeering scheme and regarding allegedly fraudulent claims made to insurers other than Plaintiff State Farm, because such information would tend to support the finding of a pattern of mail fraud and / or identify the number of victims.

    - In order to reduce the burden of fulfilling this request, and

as stipulated on the record, the following procedure shall be followed:

- **On or before March 20, 2017**, Defendants Universal Rehab Services, PhysioFlex and Abulabon ("the Universal Defendants") shall provide Plaintiff State Farm and the Summit Defendants with a list / report of Summit Medical Group patients treated at Universal Rehab and PhysioFlex who were prescribed physical therapy by Defendant Jankowski (whether at Defendant Summit Medical Group or SPG)[2] or by other doctors who worked at Defendant Summit Medical Group and identify, to the extent possible, which doctor it was that prescribed the physical therapy.

- **Within 3 weeks of their receipt of the list**, the Summit Defendants shall search their files and provide Plaintiff State Farm with their patient files for non-State Farm insureds who were also treated by Universal Rehab Services and PhysioFlex, subject to any confidential designation necessary to protect the patients' personal or medical information.

Should any of the parties require more time in complying with this timeframe, the attorneys may contact my chambers to request a teleconference, but only after conferring in an attempt to resolve the issue on their own,.

---

[2] While State Farm's motion's prayer for relief is limited to the Summit Defendants, it is clear that the first set of document requests to Summit and the first set of document requests to Jankowski are subjects of the instant motion to compel.  (DE 159 at 9, 32; *see also* DE 159 at 30).   Those discovery requests contain definitions of "you" and Requests for Production No. 2 which fairly encompass Dr. Jankowski's work at non-party SPG.   (DE 159-2 at 2, 6 and DE 159-3 at 2, 6).

**IT IS SO ORDERED.**

Dated: March 3, 2017          s/Anthony P. Patti
                              Anthony P. Patti
                              U.S. MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 3, 2017, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Anthony P. Patti