UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,                                     Case No. 15-10993
                                                 Honorable Victoria A. Roberts

v.

UNIVERSAL REHAB SERVICES,
INC., et al.,

    Defendants.
_____/

**<u>ORDER: GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. 224];
AND (2) DISMISSING SUMMIT MEDICAL GROUP'S COUNTERCLAIM [Doc. 45]</u>**

**I.    INTRODUCTION**

State Farm Mutual Automobile Insurance Company ("State Farm") filed this suit against Summit Medical Group, PLLC ("Summit") and four others, alleging they engaged in a scheme to defraud State Farm by submitting fraudulent claims for no-fault benefits for individuals who were in auto accidents.

Summit, a healthcare provider, filed a three-count counterclaim, alleging: (1) fraud/fraudulent misrepresentation; (2) civil conspiracy; and (3) declaratory relief. [Doc. 45]. Summit alleges State Farm engaged in a scheme to fraudulently deny, delay and diminish payment on its claims for recovery of no-fault benefits.

State Farm previously moved to dismiss Summit's counterclaim. The Court denied the motion. Citing an intervening change in Michigan law, State Farm now moves for reconsideration of the order denying its motion to dismiss Summit's counterclaim. [Doc. 224]. Summit opposes State Farm's motion.

For the following reasons, State Farm's motion for reconsideration [Doc. 224] is **GRANTED**, and Summit's counterclaim [Doc. 45] is **DISMISSED**.

## II. DISCUSSION

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders . . . before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). Justification for reconsidering an interlocutory order exists where there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* The Court has broad discretion in considering a motion for reconsideration under this standard. *Id.* at 959 n.7.

The Michigan Supreme Court recently held that "[a] healthcare provider possesses no statutory cause of action under the no-fault act against a no-fault insurer for recovery of . . . benefits." *Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 500 Mich. 191, 895 N.W.2d 490, 505 (2017). The Michigan Court of Appeals subsequently found that *Covenant* applies retroactively. *See W A Foote Mem'l Hosp. v. Michigan Assigned Claims Plan*, No. 333360, 2017 WL 3836645, at *14 (Mich. Ct. App. Aug. 31, 2017).

Although Summit's counterclaims for fraud and civil conspiracy are distinct from a no-fault claim, reconsideration of the Court's prior order denying State Farm's motion to dismiss is justified based on the conclusion in *Covenant* that healthcare providers have no statutory entitlement to demand reimbursement from a no-fault insurer for services it provided to an insured.

Summit bases its fraud claim on a purported "statutory duty" owed by State Farm to pay no-fault benefits to healthcare providers who render treatment to insureds. [*See* Doc. 60, PgID 1549]. Based on *Covenant* and other persuasive authority, Summit's assertion of this alleged statutory duty is insufficient to state a plausible fraud/fraudulent misrepresentation claim.

In *Covenant*, the Supreme Court of Michigan clarified that healthcare providers have no statutory right to recover no-fault benefits directly from an insurer; it, therefore, follows that no-fault insurers do not have any statutory duty to reimburse healthcare providers directly for services it provided to an insured under the no-fault act. *See Covenant*, 895 N.W.2d at 500-05. Because Summit's fraud counterclaim was based on its alleged right to recover no-fault benefits directly from insurers, the *Covenant* decision undermined the basis of Summit's claim. In addition, to the extent Summit says it relied on/was injured by State Farm's alleged misrepresentations by "delaying or foregoing legal action against State Farm to collect payment," its fraud claim fails because it does not have a statutory right to sue a no-fault insurer for benefits under *Covenant*.

Moreover, even if Summit had a statutory right to collect no-fault benefits directly from State Farm, its fraud claim would fail because "a fraud claim does not arise from an insurer's mere omission to perform a contractual or **statutory** obligation, such as its failure to pay all the [no-fault] benefits to which its insureds are entitled." *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 409 (2008). In this respect, Summit's fraud claim "fails as a matter of Michigan law because the counterclaim does not allege a breach of duty that is separate and distinct from State Farm's contractual [or statutory] obligations." *See State Farm Mut. Auto. Ins. Co. v. Radden*, No. 14-13299, 2016 WL 695598, at *2

(E.D. Mich. Feb. 22, 2016) (dismissing fraud counterclaim against State Farm that is practically identical to the fraud claim alleged by Summit).

Summit's civil conspiracy counterclaim also fails, as it is derivative of the fraud claim. *See Knight Indus. & Assocs., Inc. v. Euro Herramientas, S.A.U.*, No. 2:12-CV-14405, 2013 WL 3773373, at *5 (E.D. Mich. July 17, 2013) ("[A] plaintiff asserting civil conspiracy must demonstrate some underlying tortious conduct, as civil conspiracy is not an independently actionable tort."). "Because there is no underlying tort upon which the civil conspiracy claim could be predicated," Summit's civil conspiracy counterclaim is dismissed. *State Farm Mut. Auto. Ins. Co. v. Radden*, No. 14-13299, 2016 WL 695598, at *2 (E.D. Mich. Feb. 22, 2016).

In Count III of its counterclaim, Summit requests that the Court: (1) "declare the actions of State Farm . . . to be illegal, unconstitutional, grossly negligent, in bad faith and malicious in fact"; and (2) "order either Kevin Clinton, Michigan Commissioner of Insurance, to suspend, revoke, or limit the authority of State Farm" or "order both Ruth Johnson, Michigan Secretary of State, and Kevin Clinton . . . to order State Farm to cease and desist their illegal, unconstitutional, wrongful . . . and malicious in fact actions toward Summit." In *Radden*, the court dismissed a similar counterclaim because (1) the defendants lacked standing to bring the claim against non-parties Clinton and Johnson; (2) the Michigan Unfair Trade Practices Act ("MUTSA") – which Summit cites as grounds for declaratory relief – does not permit recovery outside penalty interest. *Radden*, 2016 WL 695598, at *2 (citations omitted). For those same reasons, Summit's counterclaim for declaratory relief under MUTSA fails.

### III.    CONCLUSION

State Farm's motion for reconsideration [Doc. 224] is **GRANTED**. Summit's counterclaim [Doc. 45] is **DISMISSED**.

**IT IS ORDERED**.

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated:  December 21, 2017